371, 9 ALR 3d 283, and annotation thereto, 9 ALR 3d 291, 309.

■ The argument that the evidence in question was inadmissible because the Urban Renewal Plan adopted by the Government for the area prohibited hotel use is equally without merit. For this was the Government's plan for the use of the properties which it was taking. Since the plan, therefore, could not become effective until after the taking it could have no bearing on the value of the land before it was taken. Accordingly, we need not pass upon the appellees' contention that the applicable plan did not in fact prohibit hotel use. Likewise without merit is the Government's contention that the commissioners did not set forth the reasoning which they followed in fixing the amount of their award. We are satisfied, as was the district court, that their supplemental report was adequate in this regard.

The judgment of the district court will be affirmed.

John Caughlan (argued), Seattle, Wash., for appellant.

Michael J. Swofford (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN,* Judge of the United States Court of Claims, and CARTER, Circuit Judge.

## ORDER FOR REMAND

PER CURIAM:

This is an appeal on a judgment against plaintiff on a Federal Tort Claims action.

In the nature of things, a negligence determination is traditionally not to be the subject of many seriatim findings of fact.

But in this case, the trial judge must have found one of the following:

1. The plaintiff sustained no injury in the collision.

2. The plaintiff sustained injuries but the injuries left no consequences, no damages.

3. The plaintiff sustained damages at about the time of the collision or thereafter, but the damages were not the proximate result of the collision.

**Henry SOWARDS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22695.

United States Court of Appeals
Ninth Circuit.

May 20, 1969.

* Senior Judge, The United States Court of Claims, sitting by designation.

We believe the plaintiff should know on which horn he was caught. And, we find it most difficult ourselves to review the case without knowing which conclusion the trial court reached.

Accordingly, the case is remanded to the district court. It is suggested the judgment and findings and conclusions be vacated and new ones entered.

On a new appeal, the old record and briefs may be used so far as desired, either upon a stipulation or on motion.